## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ESTATE OF CHARLES D. SILSBY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 23-cv-103-GLJ |
| JARROD ROBERTS, in his individual capacity; DAVID BUSS, in his individual capacity; LT. BALTICE, in his individual capacity; and, WARDEN CASEY HAMILTON, in his official capacity, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Plaintiff, the Estate of Charles D. Silsby ("Plaintiff"), deceased, filed this civil rights action against Defendants Jarrod Roberts ("Roberts"), David Buss ("Buss") and Lt. Baltice ("Baltice") in their individual capacities, and Warden Casey Hamilton ("Hamilton") in his official capacity, arising out of Silsby's incarceration that ended upon his death. Plaintiff alleges Eighth Amendment claims pursuant to 42 U.S.C. § 1983, and Defendants have filed a motion to dismiss these claims. For the reasons set forth below, the Court finds that Defendants' Motion to Dismiss [Docket No. 18] should be GRANTED IN PART and DENIED IN PART.

## Background and Procedural History

Plaintiff alleges that Silsby was an inmate of the Oklahoma Department of Corrections at Jess Dunn Correctional Center in Taft, Oklahoma until his death on March 18, 2021. Docket No. 2, pp. 1-2, 4, ¶¶ 3, 21. Plaintiff further alleges that Silsby received a colonoscopy during his incarceration, which led to him suffering a perforated bowel. Docket No. 2, p. 4 ¶¶ 21-22. As a result, Silsby experienced "extreme pain, discomfort, GI bleeding, massive hematemesis, bloody stools, and the inability to even walk." Docket No. 2, p. 5, ¶ 27. Plaintiff contends Silsby informed Defendants Roberts, Buss, and Baltice (collectively, "Defendants") and his fellow inmate, Dennis Boone ("Boone"), of his pain and symptoms. Docket No. 2, pp. 4-5, ¶¶ 23-24. After a week of not receiving care, Silsby was transported to Saint Francis Hospital in Muskogee where he presented in cardiac arrest and ultimately died. Docket No. 2, p. 5, ¶¶ 27, 29-30.

Plaintiff filed the present case in this Court on March 20, 2023. *See* Docket Nos. 1-2. On April 13, 2023, Defendants and Hamilton filed a Motion to Dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. *See* Docket No. 18. The motion is now fully briefed, and the Court has stayed all attendant deadlines in this case pending resolution of the Motion to Dismiss.

Plaintiff alleges three causes of action in the Complaint. The first two are raised pursuant to § 1983 as violations of the Eighth Amendment: (i) deliberate indifference to serious medical needs, as to Defendants in their individual capacities; and (ii) deliberate indifference to serious medical needs, as to Hamilton in his official capacity. *See* Docket No. 2, pp. 2-4. Additionally, Plaintiff alleges a third and separate cause of action as to

Defendants for punitive damages. *See* Docket No. 2, pp. 8-9. All Defendants have filed a Motion to Dismiss [Docket No. 18], asserting (i) that Hamilton is entitled to Eleventh Amendment immunity, and (ii) that Plaintiff fails to state an Eighth Amendment claim as to Defendants, and that they are also entitled to qualified immunity. Plaintiff concedes that the claim against Hamilton in his official capacity should be dismissed. *See* Docket No. 22, p. 5. The Court agrees, *see Babakr v. Goerdel*, 2021 WL 736323 (D. Kan. Feb. 25, 2021) ("The defendants argue the plaintiff's § 1983 and state law claims are subject to dismissal as barred by Eleventh Amendment immunity. The plaintiff concedes this argument as to KU. Thus, the defendant KU is entitled to dismissal from Counts III through XII."), and Count II is therefore dismissed. The Court now addresses the remaining claims in turn.

## Analysis

Defendants contend Plaintiff fails to state a claim to relief for its Eighth Amendment claim (Count I), and that they are entitled to qualified immunity. Plaintiff maintains that Defendants are not entitled to qualified immunity and that the Motion to Dismiss should be denied because it alleges sufficient facts regarding delay of medical care. The Court finds Plaintiff plausibly states a claim to relief against these Defendants and that they are not entitled to qualified immunity at this stage.

### I.   12(b)(6) Motion to Dismiss Standard of Review

Under Fed. R. Civ. P. 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Practically, this means that the "complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face when the complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "In considering whether the complaint's allegations are sufficient, the court first eliminates conclusory allegations, mere 'labels and conclusions,' and any 'formulaic recitation of the elements of a cause of action.'" *Bledsoe v. Carreno*, 53 F.4th 589, 606 (10th Cir. 2022) (quoting *Twombly*, 550 U.S. at 555). "The court then accepts as true all well-pled factual allegations and considers 'whether they plausibly give rise to an entitlement to relief.'" *Id.* (quoting *VDARE Found. v. City of Colorado Springs*, 11 F.4th 1151, 1159 (10th Cir. 2021)).

"When reviewing a 12(b)(6) dismissal, the court 'must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed.'" *Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201-02 (10th Cir. 2011) (quoting *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007)). "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). Therefore, this Court's analysis begins with a discussion of the elements Plaintiff must plausibly allege in his complaint for an Eighth Amendment claim under 42 U.S.C. § 1983.

## II.   Qualified Immunity

In addition to alleging failure to state a claim, Defendants contend they are entitled to qualified immunity. Qualified immunity "protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Specifically, it is "an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). While *Twombly* "rejects a heightened pleading standard[,]" *Robbins v. Okla.*, 519 F.3d 1242, 1249 (10th Cir. 2008), "[t]he *Twombly* standard may have greater bite in such contexts, appropriately reflecting the special interest in resolving the affirmative defense of qualified immunity at the earliest possible stage of a litigation." *Acosta v. Jani-King of Okla., Inc.*, 905 F.3d 1156, 1160 (10th Cir. 2018) (*quoting Robbins*, 519 F.3d at 1249). "*Iqbal* reinforced our earlier statement that in a § 1983 action it is particularly important that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Brown v. Montoya*, 662 F.3d 1152, 1163 (10th Cir. 2011) (emphasis in original) (quotations omitted).

Thus, to make out a viable Eighth Amendment claim and to overcome the assertion of qualified immunity, Plaintiff must show that "(1) [each] defendant violated his constitutional rights; and (2) the law was clearly established at the time of the alleged violation." *Walker v. Mohiuddin*, 947 F.3d 1244, 1249 (10th Cir. 2020); *see also Hemry v.*

*Ross*, 62 F.4th 1248, 1253 (10th Cir. 2023) (same); *Pahls v. Thomas*, 718 F.3d 1210, 1227 (10th Cir. 2013) (same). "When qualified immunity is asserted in the context of a motion to dismiss, the factual allegations of the complaint are assumed to be true, and the court's analysis generally aligns with the analysis applied with determining the sufficiency of a claim." *Harper v. Woodward Cnty. Bd. Of Cnty. Commrs*, 2014 WL 7399367, *8 (W.D. Okla. Dec. 29, 2014) (*citing Brown*, 662 F.3d at 1162-1164 and *Iqbal*, 556 U.S. at 666, 673-675, 677-684). This means that, even at the dismissal stage, Plaintiff bears the burden of showing he has alleged a constitutional violation that was clearly established. *See Bledsoe*, 2022 WL 16942631, *21 n.25 (10th Cir. Nov. 15, 2022) (slip op.) ("Appellants are correct that once they asserted qualified immunity in the district court, which they did here, it was Bledsoe's burden to show both that he had alleged a constitutional violation and that that violation was clearly established.") (*citing Cox v. Glanz*, 800 F.3d 1231, 1245 (10th Cir. 2015)). When conducting its analysis, the court has discretion in deciding which component to address first. *Pearson*, 555 U.S. at 236. Here, the Court will first address whether Plaintiff has plausibly alleged a constitutional violation.

### A. Constitutional Violation: Eighth Amendment

Plaintiff claims that Defendants violated Silsby's Eighth Amendment rights. Docket No. 2, p. 7, ¶ 37. To make out a viable Eighth Amendment violation claim, Plaintiff must "allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Walker*, 947 F.3d at 1249. Specifically, the test to determine whether a prison official engaged in deliberate indifference is comprised of an objective and a subjective component. *Id.* Plaintiff bears the burden of alleging facts in his complaint that

6

are sufficient to establish both. *See Gee v. Pacheco*, 627 F.3d 1178, 1189 (10th Cir. 2010) ("Because these paragraphs allege sufficient facts to establish both elements of an Eighth Amendment claim . . . they state a plausible claim for relief."); *Matthews v. Bergdorf*, 889 F.3d 1136, 1144 (10th Cir. 2018) ("[T]he caseworkers' assertion of qualified immunity in their motion [to dismiss] . . . gave rise to a presumption that they were immune from suit. This presumption operated such that when the caseworkers raised the defense of qualified immunity, the burden shifted to Plaintiffs to demonstrate the complaints' factual allegations established their right to recover against each caseworker.") (internal citation omitted).

The objective component mandates that the harm claimed be "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is sufficiently serious ""if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Sealock v. Colo.*, 218 F.3d 1205, 1209 (10th Cir. 2000) (quoting *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999)). Additionally, a delay in medical care violates the Eighth Amendment if the delay resulted in substantial harm. *Mata v. Saiz*, 427 F.3d 745, 754 (10th Cir. 2005). Substantial harm may be "lifelong handicap, permanent loss, or considerable pain." *Id.* at 751 (quoting *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001)). Tenth Circuit case law stipulates that a delay in medical care only violates the Eighth Amendment if it results in substantial harm, *Mata*, 427 F.3d at 754, and the Tenth Circuit has held that both pain and death are substantial harms that satisfy the objective component. *Requena v. Roberts*, 893 F.3d 1195, 1216 (10th Cir. 2018) ("[T]he substantial

harm requirement may be satisfied by lifelong handicap, permanent loss, or considerable pain."); *Paugh v. Uintah Cnty.*, 47 F.4th 1139, 1155 (10th Cir. 2022) ("And we've consistently held that death qualifies as a "substantial harm" that satisfies the objective component."). Silsby's death in this case plainly qualifies as the requisite substantial harm sufficient to satisfy the objective component. *See Martinez v. Beggs*, 563 F.3d 1082, 1088-89 (10th Cir. 2009) (agreeing that death meets sufficiently serious harm element of objective component of Eighth Amendment claim).

The subjective component requires that Defendants knew there was a "substantial risk of harm and disregarded that risk, 'by failing to take reasonable measures to abate it.'" *Kikumura v. Osagie*, 461 F.3d 1269, 1293 (10th Cir. 2006) (quoting *Hunt*, 199 F.3d at 1224). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Quintana v. Santa Fe Cty. Bd. of Comm'rs*, 973 F.3d 1022, 1029 (10th Cir. 2020) (quoting *Farmer*, 511 U.S. at 837). The question of whether Defendants knew of the risk can be answered by determining whether the risk was obvious. *Lucas v. Turn Key Health Clinics, LLC*, 58 F.4th 1127, 1137 (10th Cir. 2023) ("'Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence' such as whether 'the risk was obvious.'") (quoting *Farmer*, 511 U.S. at 842). For example, "if a risk is obvious so that a reasonable man would realize it, we might well infer that [the defendant] did in fact realize it." *Mata*, 427 F.3d at 752 (quoting *Garrett*, 254 F.3d at 950); *See also Lucas*, 58 F.4th at

1139 (holding that the subjective component is met when the "condition is so obvious a layman would recognize it").

The Tenth Circuit has held that the subjective component was met when a detainee repeatedly told an officer that he was in excruciating pain and the officer delayed medical care for two (2) hours. *See McCowan v. Morales,* 945 F.3d 1276, 1292 (10th Cir. 2019). Indeed, "[e]ven a brief delay may be unconstitutional." *See McCowan*, 945 F.3d 1276, 1292 (10th Cir. 2019) (quoting *Mata* 427 F.3d at 756). Moreover, "doing nothing in the face of serious medical needs is obviously sufficient" to establish the subjective component. *Lucas*, 58 F.4th at 1139. A medical need is serious if a lay person recognizes the need for a doctor. *Sealock*, 218 F.3d at 1209.

Plaintiff alleges that Silsby and Boone informed Defendants of Silsby's symptoms (including bloody stool and being unable to walk) and asked Defendants for aid, but they ignored Silsby and Boone for one week before Silsby was transported to the hospital. *See* Docket No. 2, p. 4-5, ¶¶ 23-30. Plaintiff further alleges that Boone, a lay person and fellow inmate, tried to obtain medical care for Silsby and ended up taking Silsby to medical himself. Docket No. 2, pp. 4-5, ¶¶ 24, 26, 28. Additionally, Plaintiff alleges that Baltice "specifically decided to let the next shift deal with Silsby, because it was close to shift change" when Boone attempted to obtain aid. Docket No. 2, p. 5, ¶ 26. Furthermore, Plaintiff alleges Silsby "suffered from extreme pain, discomfort, GI bleeding, massive hematemesis, bloody stools, and the inability to even walk." *Id.*, p. 5, ¶ 27. Finally, the Complaint alleges that Silsby passed away on March 18, 2021, and that his death was a direct result of Defendants' conduct in delaying treatment. Docket No. 2, p. 7, ¶ 37-38.

9

Based on these allegations, Plaintiff plainly meets the standard illustrated in *McCowan* and *Mata*. *See, e.g., Lance v. Morris*, 985 F.3d 787, 798 (10th Cir. 2021) ("Mr. Lance satisfies the subjective prong through reports of pain, his repeated requests for medical treatment, and other detainees' insistence that the need for medical attention was obvious."). The Court therefore finds Plaintiff alleges facts supporting a one-week delay of medical care resulting in death, which sufficiently establishes the subjective component. The Court thus further finds Plaintiff plausibly alleges deliberate indifference by establishing both components of a constitutional violation as to Defendants.

Defendants nevertheless contend that Plaintiff's allegations are not specifically asserted, but instead lump Defendants together and makes conclusory statements. *See* Docket No. 18, p. 10. The Complaint is constructed, however, so that it meets Tenth Circuit precedent involving cases with multiple defendants. Plaintiff specifically names each Defendant in nine (9) paragraphs of the Complaint, *see* Docket No. 2, pp. 4-7, while stating the factual allegations and claims against each of them, which exceeds the standard that this Court has previously held to be a plausible complaint. *See Garland v. Okla. Ex rel. Okla. Dep't of Corr.*, 2021 WL 3007252, *4 (E.D. Okla. July 15, 2021) (holding that the "Complaint gives [Defendants] fair notice of the claims and the grounds upon which they rest" even though they are "specifically mentioned only in paragraphs 6, 27, and 28 of the Amended Complaint."). While Plaintiff lists Defendants together in the factual allegations, it describes their alleged conduct in light of an incident that occurred during a specific time period, the week leading up to March 18, 2021. *See* Docket No. 2, pp. 4-7. The Tenth Circuit recently held that collective allegations can be enough to withstand a motion to

dismiss if the complaint describes an incident that occurred on a specific date. *See Hayes v. Owen*, 2023 WL 2716579, at \*9 (N.D. Okla. Mar. 30, 2023) ("At this stage of the litigation, the Court finds plaintiffs' collective allegations sufficient to withstand the jail defendants' request to dismiss all individual capacity claims asserted against them in the jail complaint. As the jail defendants' argument acknowledges, the jail complaint describes a sufficiently narrow 'incident' that occurred at a specific time on a specific date"). Thus, Defendants have fair notice of the claims against them and have an idea of how to respond to Plaintiff's allegations. *See Robbins v. Okla. ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests. . . . The *Twombly* Court was particularly critical of complaints that 'mentioned no specific time, place, or person involved in the alleged conspiracies.' Given such a complaint, 'a defendant seeking to respond to plaintiffs' conclusory allegations . . . would have little idea where to begin.'")

Further, Plaintiff's allegations are not merely conclusory, but allege facts against each Defendant that relates to the claim against each of them. *See* Docket No. 2, pp. 4-7. Moreover, Plaintiff makes it clear what the claims against Defendants are in the Complaint, because (i) it separates the causes of action between them and Hamilton, (ii) it states that they are being sued in their individual capacity, separate from Hamilton, and (iii) it clearly alleges that they violated the Eighth Amendment and 42 U.S.C. § 1983. *See* Docket No. 2, pp. 2-3, 6-7; *see also Martinez v. Padilla*, 2020 WL 3542289, \*7 (D.N.M. June 30, 2020) ("For all of its deficiencies, the Complaint does isolate specific defendants by count. For

example, Count III is brought against Defendants Sanchez, Biddle, and Gonzales for failing to protect. Moreover, Count III does make allegations, albeit in conclusory fashion against the individual named defendants. . . . Thus, the Complaint is barely specific enough to identify the legal basis of Plaintiff's claims against Defendants Sanchez and Gonzales."). Therefore, the Court finds Plaintiff plausibly alleges a constitutional violation against Defendants.

### B.  Clearly Established Law

The next issue is whether "the law was clearly established at the time of the alleged violation." *Hemry v. Ross*, 62 F.4th 1248, 1253 (10th Cir. 2023) (quoting *Soza v. Demsich*, 13 F.4th 1094, 1099 (10th Cir. 2021)). "Whether a right is 'clearly established' is an objective test: 'The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.'" *Brown v. Montoya*, 662 F.3d at 1164 (quoting *Stearns v. Clarkson*, 615 F.3d 1278, 1282 (10th Cir. 2010)). Thus, "the law is clearly established when there is an 'on point' Supreme Court or Tenth Circuit decision, 'or the clearly established weight of authority from other courts have found the law to be as the plaintiff maintains.'" *Paugh*, 47 F.4that 1167 (quoting *Halley v. Huckaby*, 902 F.3d 1136, 1149 (10th Cir. 2018)).

While the court "must be careful not to define clearly established law 'at a high level of generality,'" *id.* (quoting *Mullenix v. Luna*, 577 U.S. 7, 12 (2015), there is also no need for a "scavenger hunt for prior cases with precisely the same facts." *Id.* (quoting *Estate of Smart v. City of Wichita*, 951 F.3d 1161, 1168 (10th Cir. 2020)). In addition, "[t]he law can

12

be clearly established even when 'the very action in question' has not 'previously been held unlawful.'" *Estate of Booker v. Gomez*, 745 F.3d 405, 433 (10th Cir. 2014) (quoting *Hope v. Pelzer*, 536 U.S. 730, 739 (2002)). If Defendants' actions were unlawful in light of pre-existing law, then qualified immunity is inappropriate. *Id.* Moreover, "[t]he more obviously egregious the conduct in light of prevailing constitutional principles, the less specificity is required from prior case law to clearly establish the violation." *Pierce v. Gilchrist*, 359 F.3d 1279, 1298 (10th Cir. 2004).

It was clearly established well before 2021, the time of Silsby's death, that "deliberate indifference to an inmate's serious medical need [violates] a clearly established constitutional right." *Estate of Booker*, 745 F.3d at 433 (quoting *Mata*, 427 F.3d at 756); *see also Olsen v. Layton Hills Mall*, 312 F.3d at 1315 (10th Cir. 2002) (""The right to custodial medical care is clearly established"); *Quintana v. Santa Fe Cty. Bd. of Comm'rs*, 973 F.3d 1022, 1033 (10th Cir. 2020) ("prior to January 2016, it was clearly established that when a detainee has obvious and serious medical needs, ignoring those needs necessarily violates the detainee's constitutional rights"); *Mata*, 427 F.3d at 749 (10th Cir. 2005) ("there is little doubt that deliberate indifference to an inmate's serious medical need is a clearly established constitutional right"). Because Plaintiff plausibly alleges a violation of Silsby's constitutional rights, and because the law was clearly established at the time of the alleged violation, Defendants are denied qualified immunity on Plaintiff's claim under 42 U.S.C. § 1983.

13

### III.   Punitive Damages

The Court notes that Defendants did not move to dismiss the corresponding claim for punitive damages against them (Count III). While punitive damages is pleaded as a separate claim (Count III), the Court notes that punitive damages is a remedy for Count I, not a separate claim for relief. Therefore, because punitive damages are included in plaintiff's prayer for relief, *see* Docket No. 2, p. 9, the Court deems Count I to seek punitive damages as a remedy against Defendants, and Count III is dismissed for failure to state a separate claim under Rule 12(b)(6).

### CONCLUSION

Accordingly, the Court finds that Defendants' Motion to Dismiss [Docket No. 18] is hereby GRANTED IN PART as to Defendant Hamilton in his official capacity and as to Count III, and otherwise DENIED as to Defendants Roberts, Buss, and Baltice. Accordingly, Count I, Plaintiff's § 1983 claim of an Eighth Amendment violation as to Defendants Roberts, Buss, and Baltice remains.

DATED this 16th day of June, 2023.

_____

**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**

14